UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEDRICK WITHROW** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-267** |
| **MARLIN GUSMAN, ET AL.** | **SECTION "I"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Sedrick Withrow, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants Sheriff Marlin Gusman and Deputy Moore. In the complaint, plaintiff complained that the defendants failed to protect him from violence at the hands of another inmate.

In order to better understand the factual basis plaintiff's claims, the Court held a Spears hearing on March 23, 2011. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and his Spears hearing testimony,[1] the undersigned recommends that, for the following reasons, plaintiff's complaint be dismissed as frivolous and for failure to state a claim on which relief may be granted.

## II. Plaintiff's Claims

At the Spears hearing, plaintiff testified that he was serving meals at the Orleans Parish Prison on November 24, 2010, when a pretrial detainee named Christopher requested additional

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

food. Plaintiff explained to Christopher that he would have to wait until all of the inmates had been served before he could get "seconds." Christopher then left without incident; however, he returned a few minutes later with a homemade knife and stabbed plaintiff in the arm. Plaintiff testified that no threats were made prior to the attack and that he had no previous problems, arguments, or altercations with Christopher. Plaintiff further testified that the jail deputy left her post moments before the attack.

It is clear that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). However, the United States Fifth Circuit Court of Appeals has explained:

> To establish a failure-to-protect claim under § 1983, [an inmate] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted). Moreover, "[d]eliberate indifference must be viewed from [the defendant's] perspective at the time in question, not with hindsight's perfect vision." Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998).

In the instant case, there is no allegation that there was an obvious, substantial risk to plaintiff's safety of which the defendants were aware and to which they were deliberately indifferent. There also was no history of animosity between plaintiff and the inmate who attacked

4

him, and not even plaintiff himself, much less the defendants, had advance warning of the alleged attack. Accordingly, any failure-to-protect claim has no merit. The defendants simply cannot be said to have been deliberately indifferent in failing to protect against a potential harm of which they were unaware. Farmer v. Brennan, 511 U.S. 825, 844 (1994); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *6 (E.D. La. Oct. 23, 2009).

At best, one could perhaps conclude that the deputy acted negligently in leaving her post prior to the attack. However, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001). Moreover, such negligence is insufficient to support a federal civil rights claim. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979); see also Elsensohn v. Jefferson Parish Community Correctional Center, Civ. Action No. 09-2759, 2009 WL 5088744, at *3 (E.D. La. Dec. 23, 2009).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this twenty-fourth day of March, 2011.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.